**Charles A. White, Defendant in Error, v. Pacific Coast Casualty Company, Plaintiff in Error.**

**Gen. No. 17,141.**

1.  AGENCY—*when principal is not a party to contracts made by agent.*  Where the general agent of defendant casualty company, who is paid a commission of thirty per cent. of the premiums for his services in soliciting and securing business, agrees to pay plaintiff a part of his commissions on indemnity insurance secured by plaintiff, and such an agreement is made without the knowledge of defendant, it is made by the agent in his personal capacity and defendant is not a party.

2.  APPEALS AND ERRORS—*when judgment is inconsistent with special findings.*  A judgment against defendant casualty company for commissions which its agent promised to pay plaintiff is not sus-

tained where the special findings of fact by the jury show the agreement was made by the agent in his personal capacity and not in behalf of defendant.

Error to the Municipal Court of Chicago; the Hon. ISIDORE H. HIMES, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1911. Reversed with finding of facts. Opinion filed March 26, 1913.

THORNTON & CHANCELLOR, for plaintiff in error.

GORHAM & WALES, for defendant in error.

MR. JUSTICE BAUME delivered the opinion of the court.

Defendant in error recovered a verdict and judgment against plaintiff in error in the Municipal Court for $1,000 for commissions alleged to be due him upon certain indemnity insurance policies issued by plaintiff in error.

In 1906 the president of plaintiff in error appointed Hiram S. Warner as its general agent for certain territory with headquarters in Chicago. Warner was unfamiliar with the business of soliciting and writing indemnity insurance and communicated with defendant in error, who had considerable experience in that branch of the insurance business, with a view to securing his services in soliciting such business and instructing him as to the proper method of conducting the same. By the terms of the agency contract between plaintiff in error and Warner, the latter was to be paid a commission of 30 per cent. of the premiums for his services in soliciting and securing such business.

It was finally agreed between Warner and defendant in error that the latter should receive for his services a commission of 20 per cent. of the premium, to be paid to him by Warner out of his commission of 30 per cent., and defendant in error then solicited and secured certain indemnity insurance from the White

City Construction Company for a premium of $6,000, payable in three equal instalments, and a policy was issued therefor by plaintiff in error. Out of the first instalment of premium of $2,000, defendant in error was paid a commission of $400 by Warner. Thereafter, by mutual agreement between Warner and defendant in error, the commission to be paid defendant in error was fixed at 15 per cent. of the premium, or one-half of the amount received by Warner, and defendant in error solicited and secured other indemnity insurance, policies for which were issued by plaintiff in error. In each instance the premium was paid by check of the insured, payable to plaintiff in error and delivered by defendant in error to Warner, who remitted the same to plaintiff in error, less his commission of 30 per cent. Upon the refusal by Warner to pay to defendant in error commissions to the amount of $1,027.50, claimed to be due him, he brought suit in the Municipal Court against Warner and plaintiff in error to recover the same. On motion of defendant in error the suit was dismissed as to plaintiff in error and the bill of particulars or statement of claim was amended as for a balance due defendant in error from Warner "for commissions in soliciting and procuring   *   *   *   certain applications for indemnity or casualty insurance at the special instance and request of" Warner, and said suit proceeded to judgment against Warner for $1,000, which judgment remains wholly unsatisfied, Warner having been adjudged a bankrupt. This suit was then instituted by defendant in error against plaintiff in error to recover the same items of commission, and resulted in a verdict and judgment against plaintiff in error, as heretofore stated.

Relative to the commissions involved, defendant in error testified in the case at bar that Warner said: "Your commissions will be paid by the company. I will guaranty that." This statement is denied by Warner, and there is no evidence tending to show that

any officer or agent of plaintiff in error, other than Warner, knew that defendant in error solicited any business for it.

The joint and several liability of plaintiff in error and Warner is asserted upon the ground that the contract with defendant in error was made by Warner, as general agent of plaintiff in error, his disclosed principal, whereby plaintiff in error became liable, to or for which liability Warner superadded his personal liability.

Upon the trial of the suit against Warner, defendant in error testified that during the time in question he worked for Warner under an arrangement whereby he was to receive a proportion of the profits made by Warner in placing casualty insurance.

In the case at bar, the jury returned a general verdict against plaintiff in error and also found specially that at the time that Warner made the arrangement with defendant in error to assist him in writing liability insurance for plaintiff in error, Warner told defendant in error that if the latter would so assist him, he, Warner, would give defendant in error the biggest share of his, Warner's commission; that he, Warner, received 30 per cent. and he would give 25 per cent. of it to defendant in error; that defendant in error replied that he did not want all of Warner's commission, but would be satisfied with 20 per cent. and Warner agreed to give him 20 per cent.; that this was the agreement and understanding under which defendant in error assisted Warner in writing liability insurance for the White City Construction Company. It is not controverted that the further services of defendant in error in soliciting and procuring other indemnity policies were rendered in pursuance of the same arrangement, except as to the amount of his compensation, which it was agreed should be 15 per cent. of the premium, or one-half of the commission received by Warner from plaintiff in error.

The special finding of facts by the jury is incon-

sistent with the general verdict and conclusively establishes that the agreement in question with defendant in error was made by Warner in his personal capacity, and not for and in behalf of plaintiff in error, and that plaintiff in error was not a party thereto and is not bound thereby. It is not pretended that plaintiff in error had any knowledge or information as to the services performed by defendant in error or his employment by Warner, and the terms of his employment by Warner, whereby he was to be compensated for his services, not by plaintiff in error, but by a division of the commissions accruing and paid to Warner, exclude any inference that plaintiff in error was a party to the agreement.

The conclusions above stated preclude a recovery by defendant in error in this case, and it is, therefore, unnecessary to discuss and determine other questions argued.

The judgment is reversed with a finding of facts to be incorporated in the judgment of this court.

*Judgment reversed with finding of facts.*

Finding of facts: We find as ultimate facts that the alleged agreement, whereon the judgment here involved was recovered against plaintiff in error, was entered into by and between defendant in error and one, Hiram S. Warner, in his personal capacity, and that plaintiff in error was not a party to said agreement or bound thereby and is not liable to defendant in error thereon.